UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ESTATE OF AMNON BOGOMOLSKY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ESTATE OF MICHAEL FURLONG, ) <br> ) <br> Defendant, ) <br> ) <br> and ) <br> ) <br> COMMERCE INSURANCE COMPANY, ) <br> ) <br> Reach and Apply Defendant. ) <br> ) | Civil Action No. <br> 14-12463-FDS |

## MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO REACH AND APPLY

**SAYLOR, J.**

This is a tort action arising out of a fatal motor vehicle accident. Amnon Bogomolsky was driving a minivan when a car driven by Michael Furlong crossed the center line of the road and crashed into Bogomolsky's vehicle. Both Bogomolsky and Furlong died as a result of the crash. Plaintiff the Estate of Amnon Bogomolsky sued defendant the Estate of Michael Furlong for gross negligence and sued reach and apply defendant Commerce Insurance Company to use the proceeds of a $100,000 uninsured motorist insurance policy to satisfy any resulting judgment.

On June 19, 2014, plaintiff filed a motion to attach or to reach and apply the insurance proceeds. On June 24, the Court held a hearing on the motion, at which counsel for plaintiff, defendant, and the insurance company appeared. For the reasons set forth below, the motion will be denied.

I.   **Background**

   A.   **Factual Background**

Unless otherwise noted, the facts are presented as stated in the amended complaint and the documents attached thereto.

On July 4, 2013, Amnon Bogomolsky, a citizen and resident of Israel, was driving a minivan west on Route 6 over the Sagamore Bridge in Bourne, Massachusetts. Five passengers were in the car, including his two sons. At the same time, Michael Furlong, a citizen and resident of Massachusetts, was driving his pick-up truck east from Route 3 southbound, approaching the Sagamore Bridge. At the time, according to the subsequent autopsy, Furlong had cocaine and benozodiazepenes in his system.

A third, unknown vehicle merged onto Route 6 eastbound from the Scenic Highway, and Furlong applied the brakes and swerved into the westbound lanes, causing his car to crash into Bogomolsky's. Furlong was ejected from his vehicle and died several days later from injuries sustained in the accident. Bogomolsky was pronounced dead at the scene, and the passengers in the minivan were transported to nearby hospitals, two in critical condition.

A state police investigation of the crash concluded that several factors contributed to the collision: that Furlong was rapidly accelerating and driving 57 mph in a 40 mph-zone; that Furlong had cocaine and benzodiazepines in his system; that the unknown vehicle merged onto Route 3 eastbound, possibly encroaching into Furlong's lane; that Furlong's vehicle had an inoperable anti-lock braking system; and that Bogomolsky was driving 59 mph in a 40 mph-zone. The investigation also concluded that Bogomolsky was not distracted and would not have been able to avoid the collision.

B. **Procedural Background**

On June 11, 2014, the Estate of Amnon Bogomolsky filed a wrongful death action in this court against the Estate of Michael Furlong, alleging gross negligence. That same day, it filed *ex parte* motions for a temporary restraining order, a preliminary injunction, and an order for an accounting to prevent the administratrix of the Furlong estate from selling, transferring, mortgaging, or encumbering any real estate, motor vehicles, or personal property in Furlong's name. On June 12, after a hearing and after plaintiff had filed additional materials, the Court granted in part and denied in part his motion, issuing a temporary restraining order and prejudgment attachment as to certain property of the Furlong estate.

On June 19, plaintiff filed an amended complaint, adding Commerce Insurance Company as a defendant in order to reach and apply the proceeds of a $100,000 uninsured motorist insurance policy, and filed a motion for attachment or to reach and apply the proceeds of the policy. According to counsel for defendant, and uncontroverted by plaintiff, Commerce tendered the limits of the policy in order to settle defendant's wrongful death claim against the driver of the unknown third vehicle. On June 24, the Court held a hearing on the motion.

II. **Analysis**

The sole issue here is whether the proceeds of the Commerce uninsured motorist policy are the property of the Furlong estate or of his daughter as the closest relative. If the former, then plaintiff may reach and apply the money if he obtains a judgment against defendant; if the latter, then he may not, and the motion must be denied.[1]

---

[1] Plaintiff styled his motion as one for attachment or to reach and apply. Technically, he cannot reach and apply the proceeds of an insurance policy until he secures a judgment. *See* Mass. Gen. Laws ch. 214, § 3, cl. 9. The Court therefore will consider his motion as one for a preliminary injunction to restrain Commerce or the administrator of the Estate from disposing of the property pending the outcome of this action. *See Iantosca v. Benistar Admin. Servs., Inc.*, 843 F. Supp. 2d 148, 152 (D. Mass. 2012).

The Massachusetts Wrongful Death Statute permits the administrator of an estate to bring an action against a person who negligently caused the decedent's death or willfully, wantonly, or recklessly caused the decedent's death for specified damages. Mass. Gen. Laws ch. 229, § 2. If the action is successful and damages awarded, the statute specifies that they are "to the use" of defined classes of presumptive takers. *Id.* § 1. "The money recovered upon a wrongful death claim is not a general asset of the probate estate, but constitutes a statutory trust fund, held by the administratrix as trustee for distribution to the statutory beneficiaries." *Sullivan v. Goulette*, 344 Mass. 307, 311 (1962). *See Maltzman v. Hertz*, 336 Mass. 704, 707 (1958); *Sullivan v. Sullivan*, 323 Mass. 671 (1949) (classifying damages for wrongful death as money that "is not a part of the general assets of the estate, is not to be applied to the payment of debts, and is not to be distributed under the will or to the next of kin"); *cf. Burt v. Meyer*, 400 Mass. 185, 189 (1987) (explaining that compensatory damages in a wrongful death action go to a particular class of persons, while punitive damages go to the decedent's estate); *Miga v. City of Holyoke*, 398 Mass. 343, 352 n.10 (1986) ("Recovery for wrongful death represents damages to the survivor for the loss of value of the decedent's life . . . .").

Massachusetts mandates that automobile insurance policies include coverage for uninsured and underinsured motorists. Mass. Gen. Laws ch. 175, § 113L. A claim under an such a policy to recover damages for loss of consortium operates like a wrongful death action and flows to the presumptive takers, not to the estate. *Cf. Santos v. Lumbermens Mut. Cas. Co.*, 408 Mass. 70, 76-79 (1990) (interpreting and applying wrongful death statute to determine who is entitled to compensation under uninsured motorist policy).

Here, because Furlong had no surviving spouse, the presumptive taker under the statute is his daughter. *See* Mass. Gen. Laws ch. 229, § 1, cl. 4 ("If there is no surviving wife or husband,

then to the use of the next of kin."). Under Massachusetts law, she is entitled to the proceeds of the policy, not her father's estate. The estate's administrator merely holds the proceeds in trust for Furlong's daughter. Because the proceeds are not a part of the Furlong estate, plaintiff cannot reach and apply them to the satisfaction of any eventual judgment, or otherwise restrain their distribution.

Accordingly, plaintiff's motion will be denied.

**III.     Conclusion**

For the foregoing reasons, plaintiff's motion to attach or to reach and apply is DENIED.

**So Ordered.**

                                           /s/ F. Dennis Saylor
                                        F. Dennis Saylor IV
Dated: June 26, 2014                        United States District Judge